```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD M. OSBORNE,

                        Plaintiff,              09-CV-6387T

         v.                                     **ORDER**

CORNING NATURAL GAS CORPORATION, and
REGISTRAR AND TRANSFER COMPANY,

                        Defendants.
_____
```

INTRODUCTION

Plaintiff Richard M. Osborne ("Osborne") formerly the Chairman of the Board of Directors of defendant Corning Natural Gas Corporation, ("Corning") and an owner of Corning common stock, brings this diversity action against the defendants claiming that Corning breached a contract in which it agreed to sell by the issuance of warrants fractional shares of Corning common stock for $19.00 by offering those shares, for a limited period of time, for $15.00 per fractional share.  Specifically, plaintiff claims that in 2007, Corning sold (as part of an investment unit which included shares of common stock) warrants allowing purchasers to buy at anytime within four years fractional shares of Corning common stock for $19.00.  In July 2009, however, Corning amended the contract in which it agreed to sell the fractional shares, and, for the limited period of one month, lowered the price of the fractional shares from $19.00 to $15.00 per share.  Plaintiff claims that Corning lacks the authority to lower the price of the fractional shares,

and that by doing so, Corning has breached the contract pursuant to which the shares were sold.

Along with the Complaint, which was filed after 12:00 p.m. on August 3, 2009, plaintiff filed a request for a Temporary Restraining Order, seeking an Order from the Court enjoining the defendants from selling fractional shares pursuant to the warrants at a reduced price, or from issuing stock sold at the reduced price. On August 4, 2009, I held a conference in chambers with representatives of Osborne and Corning to determine whether or not the parties could negotiate a resolution of the matter. The parties advised the court that no such resolution could be reached. Accordingly, based on the plaintiff's Complaint and papers supporting his motion for injunctive relief, and defendant Corning's response thereto, I hereby deny plaintiff's application for a Temporary Restraining Order.

## BACKGROUND

On July 17, 2007, Corning offered for sale 506,918 "Investment Units" to its then-current shareholders. Shareholders were given the right to purchase an investment unit for $16.00. Each investment unit included one share of common stock, and one option to buy .7 shares of common stock at $19.00. The option-to-buy (referred to as a warrant) could be exercised at any time by the holder of the warrant over the course of four years. Plaintiff Richard Osborne purchased 20,000 investment units.

2

To effectuate the issuance of the warrants, on July 13, 2007, Corning entered into a Warrant Agreement ("the Agreement") with defendant Registrar and Transfer Company. The Agreement, in general, set forth the terms and conditions of the sale and redemption of the warrants. Section 20 of Warrant Agreement provides in part that:

> The Corporation [Corning] and the Warrant Agent [Registrar and Transfer Company] may from time to time supplement or amend this Agreement without the approval of any holders of Warrant Certificates in order to cure any ambiguity or to correct or supplement any provision contained herein which may be defective or inconsistent with any other provision herein, or to make any other provisions in regard to matters or questions arising hereunder which the Corporation and the Warrant Agent may deem necessary or desirable and which shall not in any way adversely affect the interests of the holders of Warrant Certificates.

Warrant Agreement (Attached as Exhibit A to Plaintiff's Complaint) at Section 20.

On June 30, 2009 the Corning Board of Directors authorized an amendment to the Warrant Agreement. The amendment allowed warrant holders–for a limited period of time–to purchase fractional shares of stock for $15.00 rather than the initial price of $19.00.[1]

---

[1] It is important to note that one member of the Corning Board of Directors is plaintiff's son, Gregory Osborne. Gregory Osborne voted to approve the temporary reduction in price for the exercise of warrants that his father now seeks to invalidate. Neither the fact that Richard Osborne is a former Chairman of the Board of Corning, or that his son is currently a Member of the Board of Directors, was mentioned in plaintiff's Complaint or moving papers requesting the Temporary Restraining Order.

3

According to a July 2, 2009 Press Release from Corning announcing the amendment, the purpose of the amendment was to facilitate raising capital immediately by encouraging warrant holders to exercise their right to purchase shares at a reduced price. The limited period for exercising warrant rights at the discounted price was from July 6, 2009 to August 5, 2009.

On August 3, 2009, two days before the limited period for discounted stock purchases was to expire, plaintiff brought the instant action seeking a declaration that Corning lacks the authority to change the warrant price, and therefore the amendment to lower the price breaches the Warrant Agreement. As stated above, plaintiff also seeks a Temporary Restraining Order enjoining the defendants from selling or issuing stock at the reduced price.

## DISCUSSION

For a party to be entitled to a preliminary injunction, the party must demonstrate: (1) that it is subject to irreparable harm; and (2) that it will either likely succeed on the merits of the case, or that there are sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and that a balancing of the hardships between the parties weighs decidedly in favor of the party requesting the relief. Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2nd Cir. 1979); Faiveley Transport Malmo AB v. Wabtec Corp., 559 F.3d 110, 116 (2nd Circ., 2009). To establish irreparable harm, the party

4

seeking relief must allege an injury "that [requires] a remedy of more than mere money damages." Ford v. Reynolds, 316 F.3d 351, 355 (2nd Circ., 2003)(quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir.1989).

In the instant case, plaintiff has failed to allege that he will be irreparably harmed if the discounted warrant sale is allowed to continue through August 5, 2009. Plaintiff claims that the discounted sale of stock will cause irreparable injury because "the impact on the share price will be incalculable in monetary damages." Plaintiff's Memorandum of Law in Support of Motion for Temporary Restraining Order and Preliminary Injunction at p. 6. Such an allegation, however, fails to claim an injury that cannot be remedied by a monetary award. "[L]osses due to depressed stock prices ... are compensable ... monetary losses [that] do not constitute irreparable harm." Qualey v. Jackson, 2007 WL 1836028, *7 (E.D. Mich., June 25, 2007)(quoting Beztak Co. v. Bank One Columbus, N.A., 811 F.Supp. 274, 285 (E.D.Mich.1992). Accordingly, plaintiff's claim that Corning's plan will lead to lower stock prices fails to state a claim of irreparable harm.

Plaintiff also claims that Corning and other shareholders will be harmed if an injunction is not ordered because Corning could be forced to revoke the discounted sales, which revocation would be difficult, costly, and time consuming. Such a claim, however, does

5

not allege irreparable harm to the *plaintiff*, as required to establish entitlement to injunctive relief.

Nor has plaintiff shown a likelihood of success on the merits, or that there are sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and that a balancing of the hardships between the parties weighs decidedly in favor of the plaintiff.  As set forth above, Section 20 of the Warrant Agreement provides in relevant part that Corning may:

> from time to time supplement or amend this Agreement without the approval of any holders of Warrant Certificates in order to . . . . make any other provisions in regard to matters or questions arising hereunder which the Corporation and the Warrant Agent may deem necessary or desirable and which shall not in any way adversely affect the interests of the holders of Warrant Certificates.

Warrant Agreement at Section 20.  This section appears to authorize Corning to amend the Warrant Agreement provided that holders of warrants are not "adversely affected."  Whether or not lowering the option price for the outstanding warrants adversely affected holders of those warrants is a question not ripe for determination at this stage of litigation, but plaintiff has failed to make a preliminary showing that allowing warrant holders to buy shares of stock at a discounted price has harmed them.  Accordingly, I find that plaintiff has failed to establish a likelihood of success on

6

the merits, and has failed to show significantly serious questions going to the merits of the case.

Finally, I note that despite the fact that plaintiff is a sophisticated investor, is a former Chairman of the Board of Corning, and has a son who is currently sitting on the Board of Directors, and despite the fact that Corning announced its plan to lower the price of stock for purchase via the warrants on July 2, 2009, plaintiff waited until August 3, 2009-two days before the discounted purchase program was scheduled to expire--to bring this action to prohibit the sale of stock at the discounted price. "While delay 'may not warrant the denial of ultimate relief, it may, standing alone, preclude the granting of preliminary injunctive relief, because the failure to act sooner undercuts the sense of urgency' upon which the availability of the remedy is predicated." Gidatex, S.r.L. v. Campaniello Imports, Ltd., 13 F.Supp.2d 417, 419 (S.D.N.Y., 1998)(quoting Tough Traveler, Ltd. v. Outbound Products, 60 F.3d 964, 968 (2d Circ., 1995). In this case, given plaintiff's intimate connection with the Corning Board of Directors, it is likely that Osborne knew of the plan to allow warrant holders to purchase stock at a reduced price prior to Corning's official announcement, and at the very least, knew of Corning's plan on July 2, 2009, when the plan was announced to the public. If, as he claims, he felt that the plan would cause him irreparable harm, it is unclear why he waited until August 3, 2009

7

(28 days after the plan became effective, and only 2 days before it was scheduled to terminate) to file the instant lawsuit, and seek immediate, emergency relief. I find that plaintiff's delay in seeking relief further undermines his claim of irreparable harm, and demonstrates that he is not entitled to injunctive relief.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for a Temporary Restrai9ning Order is denied.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

_____
          MICHAEL A. TELESCA
     United States District Judge

DATED:   Rochester, New York
         August 4, 2009